IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL D. BATTLE                                                                          PLAINTIFF

vs.                                          Civil No. 1:08-cv-01042

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Crystal D. Battle ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for SSI and DIB on September 1, 2005. (Tr. 15, 50-55, 69-71). Plaintiff alleged she was disabled due to scardosis.[2] (Tr. 111).  Plaintiff alleged an onset date of July

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] It appears that by "scardosis," Plaintiff meant "sarcoidosis."  "Sarcoidosis" is not defined in the transcript. However, according to *PDR Medical Dictionary,* it is defined as a "systemic granulomatous disease of unknown cause, especially involving the lungs with resulting interstitial fibrosis, but also involving lymph nodes, skin, liver, spleen, eyes, phalangeal bones, and parotid glands . . . ." 1719 (3d. ed. 2006).

22, 2005. (Tr. 50, 69). These applications were initially denied on April 28, 2006 and were denied again on reconsideration on October 2, 2006. (Tr. 35-36, 62-63). On October 9, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 31-32). This hearing was held on May 15, 2007 in El Dorado, Arkansas. (Tr. 288-312). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received her high school diploma. (Tr. 291).

On November 10, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 22, 2005, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: sarcoidosis and sarcoid iritis.[3] (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon the review

---

[3] "Iritis" is not defined in the transcript. However, according to the *PDR Medical Dictionary,* it is defined as "inflammation of the iris." *Id.* at 1000.

2

of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> The claimant has the residual functional capacity to perform sedentary work except she should avoid working around extensive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants. She is restricted to a clean air environment (not purified) that is free of fumes, dust, and industrial pollutants.

(Tr. 18-21, Finding 5).

The ALJ then evaluated Plaintiff's PRW and her ability to perform that work and other work in the national economy. (Tr. 21-22, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 288-312). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a bank teller (light, skilled), fast food worker/cashier/food preparation worker (medium, unskilled), cashier checker (light, unskilled), and telephone solicitor (sedentary, semi-skilled). (Tr. 21). The ALJ determined, considering her RFC and the testimony by the VE, that Plaintiff retained the ability to perform her PRW as a telephone solicitor. (Tr. 21, Finding 6).

However, despite making this finding, the ALJ still proceeded to Step Five of the Analysis. At Step Five, the ALJ determined, considering her RFC, age, education, and work experience, that Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). Specifically, based upon the VE's testimony, the ALJ determined Plaintiff could perform such work as a lamp shade assembler with 1,000 such jobs in the State of Arkansas and 159,000 such jobs in the national economy. (Tr. 22). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 22, 2005 through the date of his decision or through November 10, 2007. (Tr. 22, Finding 11).

On November 16, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On May 9, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 5-8). On May 29, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 24, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ did not understand sarcoidosis and its far-reaching effects; (2) the ALJ performed an improper *Polaski* evaluation; (3) the ALJ posed an improper hypothetical to the VE; and (4) the ALJ improperly found Plaintiff had the RFC

to perform sedentary work. (Doc. No. 6, Pages 3-19). In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence. (Doc. No. 7, Pages 1-12). Defendant argues that the ALJ properly evaluated Plaintiff's sarcoidosis, properly evaluated Plaintiff's subjective complaints, properly assessed Plaintiff's RFC, and properly relied upon the testimony of the VE. *See id.* Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, briefly considered Plaintiff's daily activities, and noted the following:

> Considering the claimant's history and treatment, the objective clinical findings, the claimant's subjective complaints, the lack of documentation from a treating source indicating that the claimant was disabled or functionally limited, the assessment of Dr. Bayongan, the opinion of Dr. Williamson, the assessment of the State Agency reviewing physician, and all of the evidence of record considered as a whole, it is concluded that the claimant can perform sedentary work with the environmental restrictions set out herein.

(Tr. 21). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **20th day of July, 2009.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE